IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNN T. CECIL and SUZIE CECIL,       )
trustees of the CECIL FAMILY         )        2:07-CV-419-GEB-KJM
REVOCABLE TRUST; RICK CECIL and      )
LYNETTE CECIL,                       )
                                     )
              Plaintiffs,            )
                                     )
     v.                              )        ORDER*
                                     )
ROCKY MOUNTAIN RAILWAY AND MINING    )
MUSEUM, a Colorado Non-Profit        )
Corporation, and YREKA WESTERN       )
RAILROAD, a California Corporation,)
                                     )
              Defendants.            )
_____)
                                     )
YREKA WESTERN RAILROAD,              )
                                     )
              Counter-claimant,      )
                                     )
     v.                              )
                                     )
LYNN T. CECIL and SUZIE CECIL,       )
trustees of the CECIL FAMILY         )
REVOCABLE TRUST; RICK CECIL and      )
LYNETTE CECIL,                       )
                                     )
              Counter-defendants.    )
_____)
                                     )
And Related Actions.                 )
_____)

        Plaintiffs and Counter-defendants Lynn T. Cecil and Suzie

Cecil, who are trustees of the Cecil Family Revocable Trust, and Rick

Cecil and Lynette Cecil ("Plaintiffs") move for summary judgment on

their three claims against Defendants Rocky Mountain Railway and

_____

        *     This matter was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1

Mining Museum ("Rocky Mountain") and Yreka Western Railroad ("Yreka Western") (collectively, "Defendants").  Plaintiffs claim (1) Rocky Mountain breached a promissory note payable to Plaintiffs, (2) Yreka Western breached a written guaranty of Rocky Mountain's performance of the promissory note, and (3) Plaintiffs are entitled to enforce the security interest they hold in Yreka Western's "Steam Locomotive No. 19," which was part of the collateral securing the written guaranty. Plaintiffs also move for summary judgment on Yreka Western's counterclaim against them, which seeks a declaratory judgment stating that the "Santa Rosa business coach" is the sole collateral securing the written guaranty.  Defendants filed a non-opposition to Plaintiffs' motion.

I. Summary Judgment Motion[1]

   A. Breach of the Promissory Note

      Plaintiffs seek summary judgment on their claim that Rocky Mountain breached a promissory note contract payable to them.  (Mot. at 7:25-9:3.)

      Plaintiffs' breach of contract claim requires proof that a valid contract existed between Plaintiffs and Rocky Mountain, Plaintiffs performed their obligations under the contract, Rocky Mountain breached the contract, and Plaintiffs were damaged.  Reicher v. Gen. Ins. Co., 68 Cal. 2d 822, 830 (1968).  The uncontroverted facts show that:  (1) a valid promissory note contract existed between

---

[1]    The summary judgment standards are well known and need not be repeated.  Although Defendants filed a non-opposition to Plaintiffs' motion, "[e]ven where no evidence is presented in opposition to the motion, summary judgment should not be granted if the evidence in support of the motion is insufficient."  Hoover v. Switlik Parachute Co., 663 F.2d 964, 967 (9th Cir. 1981).

1  Plaintiffs and Rocky Mountain; (2) Plaintiffs fully performed all
2  conditions required under the note; (3) Rocky Mountain breached the
3  note by failing to make timely payments and by failing to pay the
4  entire balance of principal and interest; and (4) as a result of Rocky
5  Mountain's breach, Plaintiffs have been damaged. (Plaintiffs'
6  Statement of Undisputed Facts ("SUF") ¶¶ 1-4.) Therefore, Plaintiffs'
7  motion for summary judgment on this claim is granted.

8    B. Breach of the Written Guaranty

9    Plaintiffs also seek summary judgment on their claim that
10  Yreka Western breached the written guaranty between Plaintiffs and
11  Yreka Western, which guaranteed Rocky Mountain's performance of the
12  promissory note contract. (Mot. at 9:6-27.)

13    The uncontroverted facts show a valid written guaranty
14  existed which obligated Yreka Western to fulfill Rocky Mountain's
15  duties under the promissory note contract and pay Plaintiffs the sums
16  due once Rocky Mountain breached; and that Yreka Western breached the
17  guaranty by failing to pay Plaintiffs sums due from Rocky Mountain
18  under the note. (SUF ¶¶ 4, 7, 14.) Therefore, Plaintiffs' motion for
19  summary judgment on this claim is granted.

20    C. Foreclosure of Security Interest

21    Plaintiffs further seek summary judgment on their
22  foreclosure of security interest claim, arguing they have a security
23  interest in Steam Locomotive No. 19 that is enforceable against Yreka
24  Western.[2] (Mot. at 11:1-2.)

25  ///

26

27    [2] Plaintiffs indicate that they seek to establish a valid
security interest only as to Steam Locomotive No. 19. (See Mot. at 11
28  n.1.) Accordingly, Plaintiffs' motion on this claim is confined to
Steam Locomotive No. 19.

1    "[A] security interest is enforceable against the debtor and

2    third parties with respect to the collateral if . . . value was

3    given[,] [t]he debtor has rights in the collateral . . . [and] the

4    debtor has authenticated a security agreement that provides a

5    description of the collateral . . . ."  Cal. Com. Code § 9203(b)(1)-

6    (3).  The uncontroverted facts show that: (1) value was given by

7    Plaintiffs in exchange for a security interest in Steam Locomotive No.

8    19; (2) Yreka Western has rights in Steam Locomotive No. 19; (3) there

9    is a valid security agreement that provides a description of the

10   collateral (Steam Locomotive No. 19); (4) Rocky Mountain breached the

11   guaranteed obligation (the promissory note); and (5) Yreka Western has

12   not paid Plaintiffs any sums due from Rocky Mountain under the note in

13   accordance with the written guaranty.  (SUF ¶¶ 10-14.)  Plaintiffs

14   have shown that the uncontroverted facts demonstrate they have a valid

15   security interest in Steam Locomotive No. 19 which is enforceable

16   against Yreka Western.  Therefore, Plaintiffs' motion for summary

17   judgment on this claim is granted.[3]

18        D. Yreka Western's Counterclaim

19        Plaintiffs also seek summary judgment on Yreka Western's

20   counterclaim against them, arguing that the Santa Rosa business coach

21

22   _____

23        [3]   Although Plaintiffs' claim is titled "Foreclosure of Security
     Interest" and Plaintiffs' Complaint seeks "an order directing public
24   sale of the collateral" (Pls.' Compl. at 8:21-22), Plaintiffs state they
     "have chosen to exercise their judicial remedies here by asking the
25   Court to enter a judgment.  If entered, Plaintiffs would be entitled to
     enforce that judgment as permitted under the Commercial Code and State
26   Law enforcement procedures."  (Mot. at 10:10-14.)  Thus, Plaintiffs'
     motion for summary judgment on this claim seeks only to establish a
27   valid security interest in Steam Locomotive No. 19 which is enforceable
     against Yreka Western, and does not seek to initiate a "public sale" of
28   that security interest.

4

1  is not the sole collateral set forth in the security agreement between

2  Yreka Western and Plaintiffs.  (Mot. at 12:3-13:4.)

3           In its counterclaim against Plaintiffs, Yreka Western seeks

4  a declaratory judgment that the Santa Rosa business coach "was and is

5  the sole collateral under the Security Agreement" with Plaintiffs.

6  (Yreka Western's Counterclaim ¶ 8.)  However, the security agreement

7  states that Steam Locomotive No. 19 also serves as collateral until

8  certain conditions precedent have been met by Rocky Mountain.  (See

9  Pls.' Compl. Ex. C.)  It is uncontroverted that these conditions

10 precedent were not met.  (SUF ¶ 16.)  Therefore, Plaintiffs' summary

11 judgment motion is granted on Yreka Western's counterclaim for

12 declaratory judgment.

13 II. Entry of Final Judgment

14           Lastly, Plaintiffs "request a judgment against the liable

15 parties."  (Mot. at 10:25.)  However, Rule 54(b) provides:

16           When an action presents more than one claim for
             relief--whether as a claim, counterclaim,
17           crossclaim, or third-party claim--or when multiple
             parties are involved, the court may direct entry
18           of a final judgment as to one or more, but fewer
             than all, claims or parties only if the court
19           expressly determines that there is no just reason
             for delay.

20

21 Fed. R. Civ. P. 54(b).  Since Yreka Western's third party claim

22 against third party defendant Ralph Domenici ("Domenici") remains in

23 this action, entry of a final judgment for Plaintiffs would require

24 this Court to "ma[ke] specific findings setting forth the reasons" for

25 entering a final judgment under Rule 54(b).  Morrison-Knudsen Co. v.

26 Archer, 655 F.2d 962, 965 (9th Cir. 1981).  Since Plaintiffs have not

27 ///

28 ///

addressed the required "specific findings," Plaintiffs' request for
entry of final judgment is denied.

        IT IS SO ORDERED.

Dated:  February 26, 2008

                          GARLAND E. BURRELL, JR.
                          United States District Judge