IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

LYNN T. CECIL and SUZIE CECIL, )
trustees of the CECIL FAMILY ) 2:07-CV-419-GEB-KJM
REVOCABLE TRUST; RICK CECIL and )
LYNETTE CECIL, )
                                )
         Plaintiffs,            )
                                )
    v.                          )   ORDER
                                )
ROCKY MOUNTAIN RAILWAY AND MINING )
MUSEUM, a Colorado Non-Profit   )
Corporation, and YREKA WESTERN  )
RAILROAD, a California Corporation,)
                                )
         Defendants.            )
_____)
                                )
YREKA WESTERN RAILROAD,         )
                                )
         Counter-claimant,      )
                                )
    v.                          )
                                )
LYNN T. CECIL and SUZIE CECIL,  )
trustees of the CECIL FAMILY    )
REVOCABLE TRUST; RICK CECIL and )
LYNETTE CECIL,                  )
                                )
         Counter-defendants.    )
_____)
                                )
And Related Actions.            )
_____)

Third Party Defendant Ralph Domenici ("Domenici") argues in the parties' Joint Pretrial Statement filed June 9, 2008 that jurisdiction should not be exercised over Defendants' Third Party Complaint or Cross-Claim against him. The record reveals this argument has merit. Plaintiffs' summary judgment motion was granted in an Order filed February 26, 2008. No independent basis for subject

1

matter jurisdiction exists over Defendants' Third Party Complaint or Cross-Claim against Domenici.

It is within the court's discretion whether to exercise supplemental jurisdiction in a particular case. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."). Federal courts have the discretion to decline supplemental jurisdiction over a third party complaint if the district court has entered judgment on "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Dargis v. Sheahan, --- F.3d ---, 2008 WL 2066991, at *8-9 (7th Cir. May 16, 2008) (upholding dismissal of plaintiff's state law claims under § 1367(c)(3) following district court's entry of judgment in plaintiff's favor on federal claims); Mooney v. Nw. Ill. Regional Commuter R.R. Corp., 128 F. Supp. 2d 1178, 1182 (N.D. Ill. 2001) (dismissing defendant's third party complaint under § 1367(c)(3) after plaintiff settled only federal claim against defendant). Summary judgment has been granted on all claims in this action "over which [there was] original jurisdiction." 28 U.S.C. § 1367(c)(3).

Even though the district court's "discretion to decline to exercise supplemental jurisdiction over [Defendants'] state law claims is triggered by . . . [§ 1367(c)(3)], it is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quotation marks omitted). Judicial economy would not be served by continuing to exercise supplemental jurisdiction over Defendants' Third Party Complaint or Cross-Claim since time has not been spent on these claims. Further, "[n]eedless decisions of state law should be

2

avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

Since the Gibbs values favor declining exercise of jurisdiction, Defendants' Third Party Complaint and Cross-Claim are dismissed without prejudice under § 1367(c)(3).  The final pretrial conference scheduled for June 16, 2008, is vacated.  Lastly, the Clerk of Court shall enter judgment in Plaintiffs' favor in accordance with the Order filed February 26, 2008.

IT IS SO ORDERED.

Dated:  June 12, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge