1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11  LYNN T. CECIL and SUZIE CECIL,          No.  2:07-cv-00419-MCE-CKD
    trustees of the CECIL FAMILY
12  REVOCAVBLE TRUST; RICK CECIL,
    and LYNETTE CECIL,
13                                          **MEMORANDUM AND ORDER**
             Plaintiffs,
14
       v.
15
    ROCKY MOUNTAIN RAILWAY AND
16  MINING MUSEUM, a Colorado non-
    profit corporation, and YREKA
17  WESTERN RAILROAD, a California
    corporation,
18
             Defendant.
19

20

21         Defendants have filed a Motion for Relief from Judgment pursuant to Federal Rule

22  of Civil Procedure ("Rule") 60(b)(5).  ECF No. 68.  The gravamen of their argument is the

23  contention that the judgment has been paid in full.  The Court agrees that the judgment

24  has been satisfied, and therefore Defendants' Motion is GRANTED.[1]

25  ///

26  ///

27  _____

28      [1] Because oral argument would not have been of material assistance, the Court ordered this
    matter submitted on the briefing.  E.D. Cal. L. R. 230(g).

1

2

## BACKGROUND[2]

3      Judgment in this case was entered on June 13, 2008, in the amount of

4   $146,447.38.  Plaintiffs were then also awarded $24,660.50 in attorney's fees.  The

5   judgment was then assigned by Plaintiffs to John C. Nixon and Lisa L. Nixon, Trustees

6   of the John and Lisa Nixon Family Trust.  Defendant Yreka Western Railroad then

7   agreed with Railroad Service & Supply Co., Inc. ("RS&S") that Yreka would provide the

8   full amount for RS&S to purchase the judgment from the Nixon Trust.  On August 11,

9   2009, a Yreka affiliate transferred the full amount of the judgment, including interest as

10   of that date, totaling $264,422.68 to RS&S.  The Nixon Trust accordingly assigned the

11   judgment to RS&S.

12      In May 2016, RS&S filed an enforcement action in the U.S. District Court for the

13   District of Colorado against Defendants, seeking to collect on the judgment.  That court

14   stayed its proceedings pending a resolution of this Motion.

15

16                                    **ANALYSIS**

17

18      Under Rule 60(b)(5), relief from final judgment can be granted because "the

19   judgment has been satisfied, released or discharged."  A motion for such relief must be

20   brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Reasonable time "depends

21   upon the facts of each case, taking into consideration the interest in finality, the reason

22   for delay, the practical ability of the litigant to learn earlier of the grounds relied upon,

23   and prejudice to other parties."  Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)

24   (per curiam).

25   ///

26   ///

27   _____

28      [2] Because the relevant facts are not in dispute, the facts in this section are drawn from both
     parties' moving papers, sometimes verbatim.  ECF Nos. 65, 71–72.

1   RS&S makes two arguments in opposition to Defendants' Motion:  (1) the motion

2   is untimely, and (2) the judgment was not satisfied, but merely transferred. The Court

3   addresses each in turn.

4   **A. Timeliness of the Motion**

5   RS&S argues that Defendants' motion is untimely primarily because they "ha[d]

6   knowledge of the purported grounds for the motion since at least August of 2009," but

7   "have asserted no reason whatsoever for the delay of over seven years in bringing the

8   instant motion."  Opp'n to Mot. for Relief from J., ECF No. 71, at 3.  It claims that

9   "controlling Ninth Circuit authority," namely Ashford v. Steuart, requires this Court to find

10  the Motion untimely.  However, neither Ashford nor the other cases cited by RS&S are

11  directly on point.  In Ashford, the Ninth Circuit did not consider a Rule 60(b)(5) motion,

12  but rather a Rule 60(b)(1) motion premised on judicial mistake.  657 F.2d at 1055.  The

13  Ninth Circuit gave "great weight" to the interest in finality because the time for appeal

14  had passed and no reason had been given for failing to timely appeal the decision.  Id.

15  Here, finality is not betrayed by entertaining Defendants' Motion.  Instead, Defendants

16  are seeking a final determination that their obligation under the judgment has been

17  fulfilled.

18  Nor is Mikels v. Estep, Case No. 12-cv-00056-EMC, 2016 WL 1056067 (N.D. Cal.

19  Mar. 17, 2016), appeal filed, No. 16-15602 (9th Cir. Apr. 6, 2016), directly on point.  At

20  issue in that case was the applicability of a change in the law to relieving the plaintiff

21  from the judgment.  Id. at *3.  Again, finality was given the most weight and was best

22  served by not revisiting the disposition of the case a year after the change in the law

23  occurred, and over two years after judgment had been entered.  Accordingly, RS&S has

24  not demonstrated that "controlling Ninth Circuit authority" precludes Defendants' motion.

25  Instead, the Court looks to the specific details of this case to determine whether the

26  delay was reasonable.

27  Defendants here did not unreasonably delay in bringing their Rule 60(b)(5)

28  Motion, but instead brought it just a few months after they discovered their need of it.

3

1   Defendants declare that they were unaware that no Satisfaction of Judgment was filed

2   until it obtained notice of RS&S's Colorado enforcement action in June 2016.

3   Defendants obtained a stay in that case in September 2016 and filed the instant motion

4   the following month.

5        Nor has RS&S established any prejudice would result from granting Defendants'

6   motion.  While RS&S claims to have "incurred many thousands of dollars of attorneys'

7   fees and costs seeking to enforce the judgment since 2009," Opp'n to Mot. for Relief

8   from J., at 3, it provides no support for this claim.  RS&S received the full amount of the

9   judgment on August 11, 2009, and the only evidence of RS&S incurring legal fees or

10  costs is the filing of their suit in Colorado, which was stayed, and their opposition to the

11  instant motion.

12           **B.  Whether the Judgment Has Been Satisfied**

13       Since Defendants' motion is timely, the Court must next determine whether the

14  judgment has been satisfied and the requested relief should be granted.  RS&S claims

15  that the judgment was not satisfied because "there was never any agreement for [the

16  Yreka affiliate] to pay off the judgment, but instead the agreement was that [the Yreka

17  affiliate] would purchase the judgment and pay a brokerage fee."  Opp'n to Mot. for

18  Relief from J., at 4.  RS&S would have this Court rely on a technical distinction between

19  satisfying and purchasing the judgment to deny Defendants' motion, providing no

20  substantive reasons for why it should be able to collect the judgment.  Indeed, it urges

21  the Court to embrace the fundamental unfairness created by doing so and force the

22  Yreka affiliate "to recoup [its] payments or otherwise seek redress against RS&S[]" for

23  they payment it made to RS&S.  Opp'n to Mot. for Relief from J., at 17.  The distinction

24  advocated by RS&S is one without a difference.  RS&S received the full value of the

25  judgment, and therefore the judgment is satisfied.

26  ///

27  ///

28  ///

4

1

**CONCLUSION**

2

3        For the reasons above, Defendants' Motion for Relief from Judgment, ECF

4    No. 68, is GRANTED.

5        IT IS SO ORDERED.

6    Dated:  January 5, 2017

7

8                                                    MORRISON C. ENGLAND, JR.
                                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28